# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAUN METTS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:11CV1828 AGF |
| CITY OF ST. LOUIS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Shaun Metts (registration no. 1220956), an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.39. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the

prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $26.94, and an average monthly balance of $0.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.39, which is 20 percent of Plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a

claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this suit under 42 U.S.C. § 1983 for injunctive and monetary relief. Named as Defendants are the City of St. Louis (the "City"), the City of St. Louis Sheriff's Department (the "Sheriff's Department"), the City of St. Louis Commissioner's Office (the "Commissioner's Office"), James Murphy (Sheriff, City of St. Louis), and Daniel Isom (Chief of Police, St. Louis Metropolitan Police Department).

Plaintiff alleges that in July 2011, while he was incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), he was notified that the St. Louis Metropolitan Police Department had placed a detainer on him for probation violation on a larceny conviction. Plaintiff claims he objected because he was never convicted on those charges. Plaintiff says that when he was taken to the St. Louis City Justice Center (the "Justice Center") he discovered that another person, Jason Hughley, had been convicted on the larceny charges using Plaintiff's name. Plaintiff asserts that the judge cleared the detainer but that the conviction remains in his name. Plaintiff seeks to have his name cleared from the larceny conviction.

Plaintiff claims that while he was at the Justice Center, awaiting return to ERDCC, there was an electrical fire at the guard's post. Plaintiff says that while the guard went to get help, he was left in his cell, exposed to the smoke. Plaintiff alleges that after the fire was put out he was placed in the yard. Plaintiff asserts that two weeks after the fire he began to

experience headaches, a sore throat, and shortness of breath, which he believes was caused by the fire. Plaintiff says he notified the medical staff of his symptoms. Plaintiff seeks compensation for his suffering.

**Discussion**

To state a claim against the City, Plaintiff must allege that a policy or custom of the City is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City was responsible for the alleged violations of Plaintiff's constitutional rights. As a result, the complaint fails to state a claim against the City of St. Louis.

Plaintiff's claims against the Sheriff's Department and the Commissioner's Office are legally frivolous because they are not suable entities. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Moreover, even if the Court liberally construed Plaintiff's claims against the Sheriff's Department and the Commissioner's office to be against the City, these claims would still fail because Plaintiff has failed to allege that a policy or custom of the City was responsible for the alleged violations of his constitutional rights.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under

-4-

§ 1983 where Plaintiff fails to allege that Defendant was personally involved in or directly responsible for the incidents that injured Plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, Plaintiff has not set forth any facts indicating that Defendants Isom or Murphy were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim against these Defendants.

Finally, Plaintiff's request that his name be cleared from the larceny conviction is not cognizable in a § 1983 action. This claim fails to rise to the level of a constitutional violation. Plaintiff's relief on this claim, if any exists, lies in the state courts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $5.39 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [Doc. 4] is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of November, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE